UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LEE FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-cv-573-TWP-MJD |
| | ) | |
| STEVE PURVIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Entry Discussing Pending Motions and
Dismissing Action for Lack of Jurisdiction**

Plaintiff Lee Ferguson ("Mr. Ferguson") has filed a Complaint for Violation of the Securities Act of 1933 ( "the Act"), Violation of the Indiana Uniform Securities Act, Fraud, Constructive Fraud, Negligence, Breach of Contract and Violation of Kentucky Securities Laws against the Defendant, Steve Purvis ("Mr. Purvis"). The matter is before the Court on several pending motions: Defendants Motion to Dismiss for Failure to State a Claim (Dkt. #8), Plaintiff's Motion to Join an Indispensable Party (Dkt. #12), Defendant's Motion to Convert Defendant's Motion to Dismiss into a Motion for Summary Judgment (Dkt. #13), Defendant's Motion to Strike (Dkt. #15), Defendant's Motion for Extension of Time (Dkt. #16) and Plaintiff's Motion in Opposition (Dkt. #20).  All of the pending Motions are resolved in this Entry, and for the reasons explained in this Entry the action must be dismissed for lack of jurisdiction.

**Background**

Mr. Ferguson alleges that in July 2009, he purchased a note and mortgage from Mr. Purvis on EBay in the amount of $10,550.00. The note and mortgage were to be assigned to Mr. Ferguson to secure a residential piece of property located in Indianapolis, Indiana. Mr. Ferguson

claims that Mr. Purvis failed to disclose various facts which rendered the investment worthless.

Mr. Ferguson invokes the court's subject matter jurisdiction under 28 U.S.C. § 1331, as he brings his claim under the Act. He also invokes supplemental jurisdiction under 28 U.S.C. § 1367 as a basis to bring claims under the Indiana Uniform Securities Act, the Kentucky Securities Act, and various other Indiana state law claims.

In the motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, Mr. Purvis argues that the Complaint fails to state a claim upon which relief can be granted. As will be shown, the actual deficiency in the Complaint is that it fails to invoke the court's jurisdiction. The mislabelling of the motion, however, is of no consequence. *See Snyder v. Smith,* 736 F.2d 409, 419 (7th Cir. 1984) (overlooking erroneous labeling of motion to dismiss), *cert. denied,* 469 U.S. 1037 (1984), *overruled on other grounds by Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998).

Mr. Purvis contends that the underlying transactions did not involve a "security" as defined in the Act and therefore, there is no federal question over which this Court could exercise subject matter jurisdiction. Mr. Ferguson responds that the case should not be dismissed because the instruments at issue were a "note and evidence of a security." He asserts that he referred to a "note" in his complaint, as opposed to a "promissory note" and that the terminology he has used renders the documents a "security" within the scope of the Act.

## Discussion

### A. The Federal Claim

"Subject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009)(citing *Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States,* 546 U.S. 12 (2005)). Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal

question and cases in which there is diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331-32; *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009).

The threshold question in any action brought pursuant to the Act is whether a security exists. *See Meridian Software Funding, Inc. v. Pansophic,* 1992 WL 107310 (N.D.Ill. 1992). Where it is determined that the transaction did not involve a "security" under the Act, a federal court lacks jurisdiction over a claim asserted pursuant to the Act. *S.E.C. v. Lauer,* 864 F.Supp. 784, 789 (N.D.Ill.1994), *aff'd,* 52 F.3d 667 (7th Cir. 1995).

The Supreme Court has held that not every "note" is a "security" under the Act. *Reves v. Ernst & Young*, 494 U.S. 56, 65 (1990). The *Reves* Court held that notes secured by a mortgage on a home are not securities. *Id.* Ferguson does not directly dispute this holding; rather, he argues that his claim under the Act should be considered on the merits because, at the very least, there was a contractual agreement between the parties, whether or not a valid mortgage was created. The issue under the Act, however, is not whether there is a valid mortgage or whether there was a contract between the parties. The issue is not even whether there were "problems with the underlying transactions." The issue is whether the transaction at issue created a "security" as defined under the Act. If the Act is not appropriately invoked in this case, the federal claim simply does not belong in federal court. If the court lacks jurisdiction over a case, its only proper course is to note the absence of jurisdiction and dismiss the case on that ground. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998). Mr. Ferguson's federal claim must be dismissed.

### B.  Pendent Claims under Indiana State Law

Now that Mr. Ferguson's federal claim has been dismissed in advance of trial, the Court must determine whether it maintains jurisdiction over the remaining claims. This Court=s jurisdiction over the pendent claims under Indiana law is conferred by 28 U.S.C. ' 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has

discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. ' 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir. 1998).

The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The district courts should exercise this discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided. *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007). In this instance, the general rule should be followed. Application of the general rule dictates that the pendent state law claims be **dismissed for lack of jurisdiction.**

## Conclusion

Not all notes (or promissory notes) are "securities" under the Act. Because of its character, the note described by Mr. Ferguson is not a "security" under the Act. *Exchange National Bank v. Touche Ross & Co.,* 544 F.2d 1126, 1138 (2d Cir. 1976). The Motion to Dismiss the federal claim [Dkt. #8] is therefore **GRANTED**. Pendent claims asserted based on Indiana state law will be dismissed for lack of jurisdiction, and all other Motions (Dkts. #12, #13, #15, #16, and #20) are **DENIED as moot.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __03/26/2012_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Mr. Lee Ferguson
c/o DENISE FERGUSON
11508 Greenwood Ave. N B-4
Seattle, WA 98133

Attorney Paul J. Wallace
pwallace@joneswallace.com